## 45492. BROWN v. THE STATE.
(368 SE2d 481)

MARSHALL, Chief Justice.

We reversed the murder conviction of Jeffery/Jeffrey Noel Brown because of the admission in evidence of statements made by Brown during the course of in-custody interviews, which, *under the record then before us,* he had not initiated after having invoked his right to counsel, citing *Edwards v. Arizona,* 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981) and *Hall v. State,* 255 Ga. 267, 269 (336 SE2d 812) (1985). *Brown v. State,* 257 Ga. 330 (3) (357 SE2d 563) (1987). Brown appeals the trial court's denial of his in-limine motion to suppress these statements on the retrial of the case, the trial court having cer-

---

tified the order for immediate review. We affirm.

At the hearing on the motion in limine, the state called three witnesses, two of whom had not testified at the original trial, and elicited testimony which had not been produced at the first trial relative to the issues of whether the appellant had initiated the statements in question and whether he had knowingly and intelligently waived the right he had invoked. (No evidence was proffered as to these issues in the first trial, as the appellant made no objection therein of an *Edwards v. Arizona* violation.) The defense called one witness, the defendant's former attorney.

There was evidence at the hearing as follows. Immediately upon the appellant's unambiguous limited request to consult with the specific attorney, questioning ceased and the attorney consulted with the appellant for at least 20 minutes. Although the attorney testified that he had advised the appellant to make no statements and had instructed a law-enforcement officer not to attempt to take any statements unless the attorney was present, there were apparent conflicts between his testimony at the hearing and at the first trial. The state's witnesses testified that communication with the appellant did not resume until after the attorney indicated the appellant's willingness to resume discussions with the investigators, saying that "as far as I'm concerned, you can talk to him." During Agent Seigler's reading the appellant his *Miranda* rights, the appellant himself confirmed that he had had the opportunity to confer with his attorney and that he wanted to cooperate with the investigators. After being invited by the appellant to visit and talk with him at Georgia Regional Hospital, Agent Seigler waited the two days requested by the appellant within which to clear his head, collect his thoughts, and consider the impact of his decision to talk with the agent. Prior to interviewing the appellant at the hospital, the agent inquired of the appellant through hospital personnel as to whether he still desired to speak with him. Prior to each and every interview, the appellant was read his *Miranda* rights and reminded through those warnings that he had the right to invoke his right to counsel and his right to remain silent at any time. There was testimony that he voluntarily waived these rights, and there was no evidence that there were any threats, promises or inducements made to the appellant to talk.

The findings of fact by the trial court in suppression proceedings are subject to reversal only if they are clearly erroneous. *United States v. Elk*, 682 F2d 168 (8th Cir. 1982). There was competent evidence, though conflicting, to authorize the trial court's finding that the state carried its burden of showing the appellant's initiation of the statements and knowing, intelligent and voluntary waiver of the right to counsel which he had invoked.

*Judgment affirmed. All the Justices concur, except Smith, J.,*

*who concurs in the judgment only.*

DECIDED MAY 26, 1988 —
RECONSIDERATION DENIED JUNE 14, 1988.

Ben B. Ross, Walton Hardin, for appellant.
Dennis C. Sanders, District Attorney, Michael J. Bowers, Attorney General, for appellee.